Capstone Capital Group, LLC v DCK Worldwide Holdings, Inc. (2023 NY Slip Op 01953)

Capstone Capital Group, LLC v DCK Worldwide Holdings, Inc.

2023 NY Slip Op 01953

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 653783/21 Appeal No. 63 Case No. 2022-01458 

[*1]Capstone Capital Group, LLC, et al., Plaintiffs-Appellants,
v
DCK Worldwide Holdings, Inc., et al., Defendants, Arena Investors, L.P., et al., Defendants-Respondents.

Prince Lobel Tye LLP, Purchase (James K. Landau of counsel), for appellants.
Paul Hastings, LLP, New York (Joshua Berman and Laura R. Logsdon of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about February 8, 2022, which granted defendants Arena Investors, L.P., Arena Limited SPV, LLC, Daniel Zwirn, Andrew Feng, Vincent Devito, Jeff Hoopes, and Purlin 2, LLC's (collectively, Arena) motion to dismiss the complaint as against them, unanimously affirmed, with costs.
The court correctly dismissed the seventeenth (breach of the implied covenant of good faith and fair dealing), eighteenth (breach of fiduciary duty), nineteenth (aiding and abetting breach of fiduciary duty), and twentieth (permanent injunction) causes of action, asserted against Arena. As a necessary predicate for the claims, plaintiffs must allege that the parties entered into an agreement or engaged in conduct evincing an intent to operate as a joint venture in connection with their financing of the construction project (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 297-298 [1st Dept 2003]). Other than the terms of the loan guaranties (see Arena Invs., L.P. v D'Angelo, 209 AD3d 577 [1st Dept 2022]), nothing in the record gives rise to an inference of a joint venture arrangement. Rather, the record clearly establishes that the parties were merely coordinated lenders, with distinct rights to enforce payment of the debt and to secure the collateral, and without the reciprocal duties and obligations of joint venturers. While a joint-lender relationship may properly be construed as a joint venture where the parties' agreements or conduct establishes an "unequivocal collective design" that precludes any lenders from pursuing independent action (see e.g. Beal Sav. Bank v Sommer, 8 NY3d 318, 326-332 [2007]; Credit Francais Intl. v Sociedad Fin. de Comercio, 128 Misc 2d 564, 577-582 [Sup Ct, NY County 1985]), the express language of the financing agreements, the nature of the parties' relationship, and the parties' conduct here do not support a finding that the parties intended to act collectively.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023